[Civ. No. 11485. Second Appellate District, Division One.—July 26, 1938.]

In the Matter of the Estate of IDA M. BEATY, Deceased. ELMER E. BEATY et al., Appellants, v. WILLIAM H. LEWIS, Respondent.

Harry William Elliott and Harrison M. Dunham for Appellants.

Fred M. Reidman for Respondent.

DORAN, J.—Decedent, Ida M. Beaty, died on February 23, 1936, leaving an holographic instrument as follows:

> "481—E. 42nd St.
> Los Angeles Cal.
> Nov 11th 1934.

"Dear Brother—

I was sick all night. My stomach (Indigestion) If I should pass out send for Stella and family to come out and keep house for you.

Keep the Home and all of you live here do not give away my things that I have had so long.

There is money in the lock box to pay the taxes and assessment.

Lay me beside my dear Husband. be good and dont worry about me   Just carry on as I have done.

> Your Loving Sister
> IDA."

(Envelope)
"MR. WILLIAM H. LEWIS."

Said Ida M. Beaty was the second wife of one William Beaty who died on April 3, 1929; there were no children of this marriage.

The above instrument was admitted to probate as decedent's last will and testament, and letters testamentary were issued to William H. Lewis, the brother of decedent, who qualified as executor. On January 19, 1937, said executor filed his petition for construction of the will and determination of heirship to the estate. Appellants herein, the children and heirs at law of William Beaty by his first wife, contested the petition of the executor on the grounds that the holographic instrument did not purport to dispose of any

portion of decedent's estate save and excepting the mention of a home; that with reference to such home said instrument was indefinite, ambiguous and uncertain, and was not legally sufficient to pass title; that said Ida M. Beaty died intestate; that all of the estate was the separate property of William Beaty, deceased; and that pursuant to section 229 of the Probate Code, appellants, as the children and heirs at law of William Beaty, deceased, were entitled to succeed to that portion of the estate which was formerly the separate property of said William Beaty.

The trial court found and concluded as a matter of law, in substance, that Ida M. Beaty died on or about February 23, 1936, leaving the above holographic instrument which was properly admitted to probate as her last will and testament, and that neither of the answering parties, appellants herein, were entitled to succeed to any part of the estate, but that the will devised to William H. Lewis the home place where the testatrix was residing at the time of her death.

■ Inasmuch as the appeal is to be determined on the judgment roll alone, it must be assumed that the evidence supports the findings, and an examination of the findings shows that such findings amply support the judgment.

The authorities relied upon by appellants, in support of the contention that the above instrument admitted to probate is insufficient to constitute a testamentary disposition, are of little, if any, assistance. Manifestly no two of such instruments are alike, and although the authorities are useful as a guide they are by no means conclusive. The trial court's conclusion that the instrument in question herein amounted to a testamentary disposition, and expressed the will of the testatrix, is abundantly supported by the judgment roll and the law.

■ Appellants' claim to succeed to any portion of the estate by reason of the provisions of section 229 of the Probate Code is without merit. Under such circumstances the burden was on appellants to establish such a right, and it must be assumed from the record on the appeal, the judgment roll alone, that the court's findings against appellants in this regard are supported by the evidence. The agreement which was in evidence at the hearing, between appellants and the deceased with regard to the property now claimed by appel-

lants, is sufficient to support the trial court's conclusion in favor of respondent.

For the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.